<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, VACATION FUND, AND PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>IMPACT STOREFRONT DESIGNS LIMITED LIABILITY COMPANY,<br><br>Defendant. | Case No. 2:22-cv-00667 (BRM)(JSA)<br><br>**OPINION** |

Before the Court is a motion (ECF No. 43) by Plaintiff Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare, *et. al.* (the "Funds") and Plaintiff International Union of Painters and Allied Trades District Council 711 (the "DC 711 Union") (together with the Funds, "Plaintiffs") for default judgment against defendant Impact Storefront Designs Limited Liability Company ("Impact"), ordering Impact to pay $97,102.48, inclusive of interest, liquidated damages, and attorneys' fees. Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below and for good cause appearing, the motion is **GRANTED.**

**I.  BACKGROUND**

On February 8, 2022, Plaintiffs filed a complaint against Impact to compel a payroll compliance review, or audit, and to collect delinquent contributions due and owing to Plaintiffs

pursuant to the Collective Bargaining Agreement ("CBA") between Impact, DC 177, and the New Jersey Glass and Metal Contractors Association; and pursuant to the Funds' Agreements of Trust, and Collection Policy of the Funds. (ECF Nos. 1, 43-1 at 4, and 43-2, Exs. D, E.) At the time Impact became a signatory contractor, the CBA stated:

> 26.2 This Agreement shall be in full force and in effect until and including April 30, 2014, and shall continue from year to year unless written notice of desire to cancel or terminate the agreement is served by either party upon the other not less than sixty (60) and not more than ninety (90) days prior to April 30th, of any subsequent contract year.
>
> 22.3 Where no such cancellation or termination is served and the parties desire to continue said Agreement, but also desire to negotiate changes or revisions in this Agreement, either party may serve upon the other a written notice not less than sixty (60) and no more than ninety (90) days prior to April 30th of any subsequent contract year, advising that such party desires to revise or change terms or conditions of such agreement. The respective parties shall be permitted all legal or economic recourse to support their requests for revisions if the parties fail to agree thereon. Nothing herein shall preclude the parties from making revisions or changes in this Agreement, by mutual consent, at any time during its term.

(ECF No. 43-2, Ex. E ¶¶ 26.2 and 26.3.)

As of the date of the motion's filing, Impact had not provided written notice to cancel the CBA. (ECF No. 43-1 ¶ 3.) Therefore, Plaintiffs allege Impact is bound by the CBA effective June 5, 2020 through April 30, 2023. (*Id.* ¶ 4.)

Following Plaintiffs' filing of the Complaint, Impact cooperated in the audit,[1] which revealed they were delinquent in contributions to the Funds for the time periods of: January 1,

---

[1] By letter dated March 30, 2022, as a result of Impact's cooperation, Plaintiffs requested the Court enter "a sixty (60) day Order to allow time for the auditor to prepare the report and time to draft and execute a Settlement Agreement." (ECF No. 8.) Accordingly, on April 1, 2022, a 60-day order was entered and the matter was administratively terminated. (ECF No. 9.) On May 26, 2022, Plaintiffs filed a letter requesting the matter be reopened to allow them to file a motion to enforce the parties' settlement agreement. (ECF No. 10.) Although Impact did not file an appearance or

2017 through December 31, 2019 in the amount of $21,209.34 (*id.* ¶ 8; ECF No. 43-2, Ex. G); and April 1, 2021 through June 30, 2021 and August 1, 2021 through January 31, 2022 in the amount of $38,715.80 (*id.* ¶ 10; ECF No. 43-2, Ex. I).

A subsequent review of Impact's remittance reports revealed discrepancies, resulting in the Funds' third-party administrator preparing reports showing $43,740.75 as the actual amount due for the time periods of April 1, 2021 through June 30, 2021 and August 1, 2021 through January 31, 2022. (*Id.* ¶ 11; ECF No. 43-2, Ex. J). In sum, Plaintiffs allege the following is due and owing from Impact, including interest and liquidated damages[2]:

| | |
|---|---|
| Audit Delinquency (1/1/17 – 12/31/19) | $21,209.34 |
| Audit Fee | $950.38 |
| Interest | $1,659.91 |
| Liquidated Damages | $4,241.87 |
| **Subtotal** | **$28,061.50** |
| | |
| Discrepancy Delinquency (4/1/21-6/30/21 & 8/1/21-1/31/22) | $43,740.75 |
| Interest | $5,475.58 |
| Liquidated Damages | $8,748.15 |
| **Subtotal** | **$57,964.48** |
| | |
| Audit Delinquency Subtotal (1/1/17 – 12/31/19) | $28,061.50 |
| Discrepancy Delinquency Subtotal (4/1/21-6/30/21 & 8/1/21-1/31/22) | $57,964.48 |
| **TOTAL** | **$86,025.98** |

---

otherwise respond to the complaint, in appears Impact may have participated in several settlement conferences with and provided status updates to the Honorable Jessica S. Allen, U.S.M.J., often communicating through Plaintiffs' counsel. (*See* ECF Nos. 12–34.) Ultimately, settlement negotiations were unsuccessful, and Plaintiffs' counsel advised the Court of Impact's statement that it was not in a financial position to execute the settlement agreement and was seeking to hire a bankruptcy attorney. (ECF No. 34.) Plaintiffs consequently moved for default, which was entered by the Clerk on April 27, 2023, and this motion for default judgment followed. (ECF Nos. 41–43.)

[2] Plaintiffs calculated interest at 2% above prime pursuant to the Policy for Collection of Delinquent Contributions. (ECF No. 43-1 ¶ 13; ECF No. 43-2, Ex. B, Section E ¶ 1.) Plaintiffs calculated liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii) at 20% of the delinquency. (ECF No. 43-1 ¶ 13; ECF No. 43-2, Ex. L.)

(ECF No. 43-1 ¶ 13.)

Plaintiffs additionally contend they are entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) of the Employee Retirement Income Security Act of 1974 ("ERlSA"). (ECF No. 43-1 ¶ 14.) Specifically, Plaintiffs provide the following information regarding fees and costs:

> [L]egal services were performed by: Steven J .Bushinsky, Esquire, member of the law firm of O'Brien, Belland & Bushinsky, LLC, at the rate of $175.00; W. Daniel Feehan, Esquire, an associate of the law firm of O'Brien, Belland & Bushinsky, LLC, at the rate of $175.00 per hour; and Diane Harman, paralegal of the law firm of O'Brien, Belland & Bushinsky, LLC, rendered services at the rate of $70.00 per hour. . . . The attorney's fees in this case pursuant to [ECF No. 43-2, Ex. M] total $10,594.50. Costs, reflected as disbursements, total $482.00, for a total of $11,076.50.

(ECF No. 43-1 ¶¶ 17–18.) Accordingly, Plaintiffs seek a total judgment of $97,102.48, inclusive of costs and fees.

To date, Impact has not filed an appearance. (*But see supra* n.1.) On April 27, 2023, the Clerk entered default against Impact, and on May 5, 2023, Plaintiffs moved for default judgment.

## II.   LEGAL STANDARD

A default judgment may be entered "against a properly served defendant who fails to file a timely responsive pleading." *Louisiana Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. Pro. 55(b)(2)); *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). The judgment must be entered by the Court, rather than the clerk, where the amount is not sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b).

Entry of default judgment is within the discretion of the district court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242,

4

244 (3d Cir. 1951)). However, the Third Circuit's preference is that "cases [should] be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d at 1181; *see Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Louisiana Counseling & Family Servs.*, 543 F. Supp. 2d at 364. To determine the appropriateness of the entry of a default judgment, the Court may conduct a hearing when, "to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b).

Generally, courts treat all pleadings and allegations of the plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept Plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against Defendants. *Directv, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A *Federal Practice and Procedure* § 2688, at 58-59, 63 (3d ed. 1998)); *accord Louisiana Counseling & Family Servs.*, 543 F. Supp. 2d at 364; *Comcast Cable Commc'ns v. Bowers*, No. CIV 06-1664 RBK, 2007 WL 1557510, at *2 (D.N.J. May 25, 2007).

Prior to entering a default judgment, the Court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether Defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the Plaintiff has proven damages." *Trs. of the UFCW 126 & Emplrs. Pension Fund v. Laracca*, No. 16-4759, 2017 U.S. Dist. LEXIS 75091, at *7 (D.N.J. May 17, 2017); *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 U.S. Dist. LEXIS 147376, at * 2 (D.N.J. Oct. 30, 2015). In addition, the Court must make explicit factual findings as to: "(1) whether the party subject to the default has a meritorious defense; (2) the prejudice

suffered by the party seeking default judgment; and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. DECISION

### A. Jurisdiction

"Before entering a default judgment against a party that has not filed responsive pleadings, 'the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, LLC.*, No. 05-3452, 2008 U.S. Dist. LEXIS 63600, at *25 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986), *superseded on other grounds by statute*, Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e). Here, the Court has subject matter jurisdiction based on a federal question, namely, Sections 502 and 515 of the ERISA, 29 U.S.C. §§ 1132 and 1145, respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

### B. Service

The service of the Summons and Complaint appear to have been properly effectuated on Impact (ECF No. 6)[3]; indeed, Impact participated in settlement discussions and was aware of the litigation. However, Impact did not formally file an appearance or otherwise respond to the complaint, and, through Plaintiffs' counsel, indicated it was "not in a financial position to execute the . . . negotiated settlement, or even to negotiate another settlement agreement" and that Impact was "seeking to hire a bankruptcy attorney." (ECF No. 34.) By all accounts, Impact has abandoned its defense and does not intend to further participate in the litigation. Accordingly, default was

---

[3] On October 19, 2023, Plaintiffs submitted a supplemental certification of Steven J. Bushinsky, Esq., clarifying the manner in which Impact was served. (ECF No. 45.)

duly noted by the Clerk of the Court against Impact for its failure to plead or otherwise defend in this action (Clerk's Entry dated April 27, 2023).

### C. Liability

The unchallenged facts as presented in Plaintiff's Complaint and Motion, which the Court accepts as true, *see Comdyne I*, 908 F.2d at 1149, appear to constitute a legitimate cause of action. Impact agreed to be bound by the CBA (ECF Nos. 1, 43-1 at 4, and 43-2, Exs. D, E) and never provided notice, as required by the CBA, to cancel it (ECF No. 43-1 ¶ 3). Impact failed to remit payments, and was notified of such by Plaintiffs, in the amount of $86,025.98, including interest and liquidated damages, for the periods of January 1, 2017 through December 31, 2019; April 1, 2021 through June 30, 2021; and August 1, 2021 through January 31, 2022. (ECF No. 43-1 ¶ 13.)

Moreover, the Court must make explicit factual findings as to "(1) whether the party subject to the default [under ERISA] has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment [by motion]; and (3) the culpability of the party subject to default [under ERISA]." *Doug Brady*, 250 F.R.D. at 177. All three factors weigh in favor of entering default judgment for Plaintiffs. First, Impact "has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 U.S. Dist. LEXIS 7054, at *5 (D.N.J. Jan. 22, 2015); *see also Directv, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (granting default judgment where defendant did not respond). Consequently, the Court has not been provided with a meritorious defense to evaluate. *See United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 9, 2016). In addition, the Complaint does not suggest that a meritorious defense is available. Impact has failed to remit payments and Plaintiffs pled sufficient facts to hold Impact liable for non-payment. Second, Plaintiffs been prejudiced by Impact's failure to answer. That is, without a

default judgment, Plaintiffs have "no other means of seeking damages for the harm allegedly caused by [Impact]." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 U.S. Dist. LEXIS 95135, at *7 (D.N.J. July 9, 2012). Third, Impact failed to formally appear, demonstrating its culpability in the default under ERISA.

### D. Damages

In requesting default judgment, a plaintiff must clearly state how the total amount was calculated by "explicitly stat[ing] the principal amount of damages available under each theory of liability it asserts and the specific penalties, interests, fees, and costs accompanying that principal amount." *N.J. Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. River Drive Cos.*, No. 17-9047, 2018 U.S. Dist. LEXIS 156982, at *11-13 (D.N.J. Sept. 14, 2018); *see also Super 8 Motels, Inc. v. Radhe-Krishna Hosp., LLC*, No. 06-1333, 2006 U.S. Dist. LEXIS 92773, at *2 (D.N.J. Dec. 21, 2006) (stating that on a motion for default judgment, "the Court must accept all allegations in the Complaint other than those regarding the amount of damages").

Here, in support of the unpaid amounts, Plaintiffs met its obligation to clearly state how it calculated damages. It submitted the certification of attorney Steven J. Bushinsky (ECF No. 43-1); an excerpted copy of the CBA effective May 1, 2020 through April 30, 2023 (ECF No. 43-2, Ex. A); excerpted copies of the Funds' Trust Agreements (*id.*, Ex. B); a copy of the Policy for Collection of Delinquent Contributions (*id.*, Ex. C); a copy of Impact's signature page to the CBA (*id.*, Ex. D); CBA effective May 1, 2011 through April 30, 2014 (*id.*, Ex. E); summons executed by Guaranteed Subpoena Services, Inc. (*id.*, Ex. F); payroll audit report for the time period of January 1, 2017 through December 31, 2019 showing delinquent contributions in the amount of $21,209.34 (*id.*, Ex. G); a copy of the auditor's June 9, 2022 correspondence, a copy of the Funds' third-party administrator's July 5, 2022 correspondence, and a copy of Funds' counsel's July 25,

8

2022 correspondence requesting payment (*id.*, Ex. H); a copy of remittance reports completed by Impact and sent to Plaintiffs as required by the CBA, reflecting the amount due for the time periods of April 1, 2021 through June 30, 2021 and August 1, 2021 through January 31, 2022 (*id.*, Ex. I); a copy of the Funds' third-party administrator's discrepancy reports for the time periods of April 1, 2021 through June 30, 2021 and August 1, 2021 through January 31, 2022 (*id.*, Ex. J); a copy of the Funds' counsel's paralegal's September 15, 2021 email to Impact requesting payment (*id.*, Ex. K); interest and liquidated damages calculations (*id.*, Ex. L); and a spreadsheet reflecting the legal services performed, the party performing the services, the time required to perform each service and the date each service was performed (*id.*, Ex. M).

Plaintiffs' explicit calculations are sufficient to support their requested damages in the amount of $97,102.48.

## IV. CONCLUSION

Accordingly, for the reasons set forth above and for good cause appearing, Plaintiffs' motion for default judgment in the amount of $97,102.48, inclusive of interest, liquidated damages, and attorneys' fees, is **GRANTED**. An appropriate order follows.

Date: December 20, 2023

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**